SMITH BROTHERS MANUFACTURING
COMPANY, Appellant,

v.

STONE MANUFACTURING COM-
PANY, Appellee.

Patent Appeal No. 8947.

United States Court of Customs
and Patent Appeals.

April 19, 1973.

George R. Douglas, Jr. (Misegades & Douglas), Washington, D.C., attorneys of record for appellant; Sherman Levy, Washington, D.C., of counsel.

B. P. Fishburne, Jr., Washington, D. C., attorney of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

RICH, Judge.

This appeal [*] is from the decision of the Patent Office Trademark Trial and Appeal Board, one member dissenting, 168 USPQ 190 (1970), dismissing an opposition to the registration of "MER-RY CAPERS" for "blouses, shirts, shorts, slacks, overalls, playsuits, jumpers, dresses and lingerie for infants, children and ladies," application serial No. 278,534, filed August 17, 1967.

Opposer relies on prior use of "CA-PER Casuals" on men's and boys' slacks or trousers.

Both parties produced evidence in the form of answers to interrogatories and exhibits. Both have had substantial sales and advertising expenditures. Opposer's priority is clear, its sales dating from 1956, whereas applicant's business under the mark "MERRY CAPERS" commenced in July 1967. Applicant introduced thirteen third-party registrations of marks consisting of or including "Caper" or "Kaper" for clothing of various kinds, granted between 1940 and 1968.

The sole issue is likelihood of confusion, mistake, or deception under section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)). The board divided on the question, the majority being of the view that "the mere inclusion of

---

[*] The Petition of Appeal states that appellant has complied with the provisions of 35 U.S.C. §§ 142 and 143, which pertain to appeals in patent rather than trade-mark cases. However, we have construed the appeal as if filed pursuant to 15 U.S.C. § 1071(a), the provision governing appeals to this court in trademark cases.

the word 'caper' or 'capers' in both marks is insufficient to create a likelihood of confusion or mistake." The dissenting opinion reads:

> It is my opinion that the word "CAPER" or "CAPERS" is not only completely arbitrary as applied to the goods here involved, but it is the characterizing feature of the marks of both parties. Such being the case, I would sustain the opposition.

The marks must, of course, be considered in their entireties. In doing so, however, the term "Casuals" in opposer's mark is seen to have the obviously descriptive connotation of casual clothes, leaving "CAPER" as the distinguishing or origin-indicating part of the mark. In applicant's mark "MERRY" obviously stands in an adjectival or modifying position relative to the word "CAPERS," which therefore stands out as the dominant feature of the mark. We agree with the dissenting member of the board that "CAPER," in the singular or plural form, is arbitrary as applied to clothing, though highly suggestive of a fun thing, of frisking, frolicking, romping, prancing, and dancing, and hence of casual clothes.

Considering the marks as a whole and the total impressions they create, we believe that purchasers, actual or prospective, familiar with the "CAPER Casuals" line of men's and boys' slacks and trousers might well think that "MERRY CAPERS" infants', children's, and ladies' casual clothing had a common source, and vice versa. We therefore think there is likelihood of confusion as to the origin of the goods sold by the parties, if sold under these two marks and the prior user is therefore entitled to have its opposition to registration by the latecomer sustained.

We have considered the cited third-party registrations and accept them as evidence that the term "Caper" has in the past appealed to others in the clothes-merchandising field as an appropriate term to use as a mark, or part of a mark, on various items of clothing. But in the absence of any evidence showing the *extent of use* of any of such marks or whether any of them are now in *use*, they provide no basis for saying that the marks so registered have had, or may have, any effect at all on the public mind so as to have a bearing on likelihood of confusion. The purchasing public is not aware of registrations reposing in the Patent Office and though they are *relevant,* in themselves they have little evidentiary *value* on the issue before us.

The decision of the board is reversed.

Reversed.

MARKEY, C. J., and BALDWIN, J., dissent.